UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYE ZINDER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **LLC, and EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC;** ) | |
| ) | |
| **Defendants.** ) | |

# COMPLAINT

COMES NOW the Plaintiff, Rye Zinder, by and through his undersigned counsel, and for his complaint states as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p,

and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Rye Zinder, is over the age of nineteen (19) years and is a resident of the city of Mountain Brook in Jefferson County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Portfolio Recovery Associates, LLC, (hereinafter referred to as "PRA") is a Limited Liability Company formed in the State of Delaware that is authorized to do business in this judicial district.

4. As part of its business, PRA furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

5. PRA provides consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

6. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times done business in this

district.

7. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times done business in this district.

9. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

10. Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

13. Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

14. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

15. At some time prior to the events made the basis of this lawsuit, Plaintiff was indebted to GE Capital Retail Bank on a credit card for Belk department stores. Neither GE Capital Retail Bank or Belk are parties to this action.

16. Upon information and belief, on or about September 19, 2012, the GE Capital Retail Bank/Belk account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant PRA.

17. Upon information and belief, the account number for the account when it was sold, assigned and/or transferred to Defendant PRA had a balance due of $1,255.89.

18. On February 18, 2014, PRA filed suit against Plaintiff in the Small Claims Court of Jefferson County, Alabama. The lawsuit filed by PRA was assigned case number 01-SM-2014-900944.

19. On June 30, 2014, the lawsuit filed by PRA over Plaintiff's debt came to trial.

20. Counsel for PRA and for Plaintiff appeared at trial. Following a discussion, PRA's attorney agreed to dismiss the case against Plaintiff

with prejudice.

21. That same day, June 30, 2014, the Court entered an Order in the case reflecting that the case was dismissed with prejudice.

22. On July 2, 2014, Plaintiff wrote to the three main credit bureaus, TransUnion, Equifax and Experian, to dispute the PRA debt on his credit reports.

23. Plaintiff's dispute letters to the credit bureaus contained a copy of the Court's Order dismissing PRA's lawsuit against him and provided contact information for the Jefferson County Small Claims Clerk's office, contact information for the judge that handled the case and contact information for PRA's attorney who appeared on PRA's behalf at trial.  This information was intended to assist the credit bureaus with their reinvestigation of PRA's entry on his credit reports.

24. The dispute letters were sent by certified mail, return receipt requested.

25. TransUnion, an entity not a party to this lawsuit, received Plaintiff's dispute and request for reinvestigation on July 8, 2014.

26. Defendant Equifax received Plaintiff's dispute and request for

reinvestigation on July 7, 2014.

27. Defendant Experian received Plaintiff's dispute and request for reinvestigation on August 12, 2014.

### *Results of Experian's Reinvestigation*

28. On or about September 3, 2014, less than a month after receiving the request for reinvestigation, Defendant Experian sent the results of its reinvestigation.

29. Experian's reinvestigation did not change or update Plaintiff's credit report as a result of its reinvestigation except to note that the account information was "disputed by consumer."

### *Results of Trans Union's Reinvestigation*

30. As stated before, TransUnion is not a party to this lawsuit.  Upon receipt of Plaintiff's dispute and request for reinvestigation, TransUnion deleted the disputed PRA trade line for this debt on or about July 11, 2014.

### *Results of Equifax's Reinvestigation*

31. On or about July 28, 2014, less than a month after receiving Plaintiff's request for reinvestigation, Equifax sent Plaintiff the results of its reinvestigation.

32. Equifax, in its July 28, 2014 correspondence, contained a heading titled: "The Results of Our Reinvestigation." Under this heading, Equifax wrote: "We have reviewed your concerns and our conclusions are: The disputed judgment /sm-2014-900944 is currently not reporting on the Equifax file."

33. Plaintiff did not dispute any judgment in his dispute and request for reinvestigation letter.

34. Also included in Equifax's July 28, 2014 correspondence is the disputed entry. The correspondence states that Equifax verified that the account belongs to Plaintiff and updated the account to reflect that Plaintiff was disputing the account information.

35. Despite Plaintiff's dispute and the evidence provided to Defendants Experian and Equifax, upon information and belief, the derogatory and inaccurate information regarding the alleged PRA account is still being reported by Experian and Equifax on Plaintiff's credit reports.

36. This inaccurate information negatively reflects on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

39. Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to PRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

40. As a result of this wrongful conduct, action and inaction of Experian and Equifax, the Plaintiff suffered damage including but not limited

to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

41. Experian and Equifax's conduct was willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 et seq. AS TO DEFENDANT PRA

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. PRA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax the inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the PRA representation; by failing to review or consider all relevant information regarding

same; by failing to accurately respond to Equifax and Experian; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRA representations to the consumer reporting agencies.

45. After receiving notification from Equifax, Experian and possibly Trans Union about Plaintiff's disputed account, PRA did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.  Further, PRA verified the Plaintiff's account to the Defendant credit reporting agencies in response to each dispute it received from the Defendant credit reporting agencies.

46. As a result of PRA's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

47. PRA's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT FOUR
## DEFAMATION

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. PRA intentionally and falsely represented that Plaintiff was indebted to it under the account it knew, or should have known, was dismissed by a court of competent jurisdiction through Experian and Equifax to all of Plaintiff's potential and current lenders.

51. Said false representations made by PRA were injurious to Plaintiff's reputation and creditworthiness in the community.

52. Said false representations made by PRA were not privileged and were not consented to by Plaintiff.

53. PRA's defamation of Plaintiff was willful and with malice. PRA did

not have any reasonable basis to believe that the Plaintiff was responsible for the account reported to Experian and Equifax. It also had substantial evidence by which to have verified that the Plaintiff's debt that it filed suit over was dismissed with prejudice and was no longer due and owing.

54. PRA willfully determined to follow procedures which did not review, confirm or verify whether or not its lawsuits against consumers, such as the Plaintiff, were successful or not successful.

55. Further, even if PRA were to attempt to plead ignorance, after June 30, 2014, it knew through its counsel that its lawsuit against the Plaintiff was dismissed with prejudice.

56. Despite having counsel at trial who agreed that PRA's case against the Plaintiff was due to be dismissed with prejudice, PRA intentionally and willfully reported that Plaintiff was indebted to it when it knew or should have known that Plaintiff was not liable for the account claimed.

57. Wherefore, Plaintiff seeks judgment in his favor against PRA for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief

as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

          /s/ *W. Whitney Seals*
          W. WHITNEY SEALS,
          Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Mr. Rye Zinder
4112 Shiloh Drive
Mt. Brook, AL 35213

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104